UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:                                )
                                      )
WAY OF GRACE MINISTRIES, INC.         )      CASE NO.: 6:11-BK-15664-ksj
       Debtor.                        )      Chapter 11
                                      )
_____ )

MOTION TO VACATE ORDER SUSTAINING DEBTOR'S OBJECTION TO CLAIM OF PEGGY MATTOX (CLAM NO. 4)

Creditor, PEGGY MATTOX, by and through her undersigned counsel, Edward P. Jordan II, hereby files her Motion To Vacate Order Sustaining Debtor's Objection to Claim of Peggy Mattox (Claim No. 4), and as grounds therefore states as follows:

1. On October 17, 2011, Debtor, WAY OF GRACE MINISTRIES, INC. ("WOGM") filed its Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors & Deadlines ("Notice"), which proceeding is currently pending before this Court. A copy of the Notice is attached hereto as Exhibit "A" and incorporated herein by reference.

2. On November 14, 2011, Creditor, PEGGY MATTOX ("Mattox") timely filed her Proof of Claim in the within action. A copy of the Proof of Claim is attached hereto as Exhibit "B" and incorporated herein by reference.

3. On July 19, 2012, Debtor, filed an Objection To Claim of Peggy Mattox. A copy of the Objection is attached hereto as Exhibit "C" and incorporated herein by reference.

4. Mattox, through excusable neglect and inadvertence by representing herself *pro-se* [1] in the proceeding, was unaware that she was required to file a response to the Objection to the Proof of Claim.

---

[1] Mattox had an Alabama attorney, Gregory Varner, Esq., submit the Proof of Claim on her behalf, however, Mr. Varner is not authorized to practice law in the State of Florida and was simply assisting her in filing the claim *pro-se*. All documents submitted in this case were executed by Peggy Mattox in her individual capacity, and no documents were executed by Mr. Varner.

5. Thereafter, on August 23, 2012, this Court entered an Order Sustaining Debtor's Objection to Claim of Peggy Mattox (Claim No. 4) based on "[t]he Objection having been duly served and *no response having been filed*" (emphasis added). A copy of the Order is attached hereto as Exhibit "D" and incorporated herein by reference.

6. Mattox has a valid and lawful claim for monies owed under a Promissory Note, and therefore, has meritorious defenses to the Debtor's Objection to the Proof of Claim.

7. Specifically, Mattox has evidence that the money identified in the Proof of Claim was: (a) A loan to the Debtor authorized by the Board of Directors/Pastor's Counsel Meeting in June of 2002; (b) deposited into the church building fund bank account; (c) used for the building construction; and (d) that the church ratified the loan by making payments on the loan of $100.00 per month from April 2010 through October 2011. See Affidavit of Daniel Mattox attached hereto as Exhibit "E" and incorporated herein by reference.

8. It is in the best interest of justice that Mattox be allowed to raise such meritorious defenses to the Debtor's objection to the claim, and to allow this Court to make a ruling based on the merits of the case, as opposed to a default on the part of a *pro-se* party.

9. Debtor would not be unduly prejudiced by the granting of this motion.

**WHEREFORE**, Creditor, PEGGY MATTOX, respectfully requests that this Honorable Court enter an Order to Vacate the previous Order Sustaining Debtor's Objection to Claim of Peggy Mattox; allow Creditor to file her response to the Objection and/or an Adversarial Complaint in this

matter; and for such further and other relief as this Court deems just and proper.

Respectfully submitted this 20th day of September, 2012.

/s/

EDWARD P. JORDAN, II
Florida Bar No. 0602711
Edward P. Jordan II, P.A.
1460 East Highway 50
Clermont, Florida, 34711
(352) 394-1000 phone
(352) 394-2999 fax
Pleadings service: pleadings@epjordanlaw.com
Attorney for Creditor, Mattox

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by Email (kherron@whmh.com) and by U.S. Mail to: Kenneth D. Herron Jr., Esq., 1851 W. Colonial Drive, Orlando, FL 32804, on this 20th day of September, 2012.

/s/
Edward P. Jordan II

S:\Litigation\Mattox, Peggy\Mtn to Vacate Order.doc

3

FORM B9F Alt. (Chapter 11 Corporation/Partnership Asset Case) (12/07)    Case Number 6:11-bk-15664-KSJ

# UNITED STATES BANKRUPTCY COURT
## Middle District of Florida

## Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines

A chapter 11 bankruptcy case concerning the debtor Corporation listed below was filed on October 15, 2011.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below.
NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

### See Reverse Side For Important Explanations

Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Way of Grace Ministries, Inc.
8550 Clarcona Ocoee Rd
Orlando, FL 32818-1012

| Case Number: | Taxpayer ID/Employer ID/Other Nos.: |
|---|---|
| 6:11-bk-15664-KSJ | 59-3468595 |

Attorney for Debtor(s) (name and address):
Kenneth D Herron Jr
1851 West Colonial Drive
Orlando, FL 32804
Telephone number: 407-648-0058

### Meeting of Creditors
Debtor(s) must present Photo ID and acceptable proof of Social Security Number at § 341 meeting.
You are reminded that Local Rule 5073-1 restricts the entry of cellular telephones into the Courthouse.

Date: **November 14, 2011**                Time: **10:00 AM**
Location: **6th Floor Suite 600, 135 West Central Boulevard, Orlando, FL 32801**

### Deadlines to File a Proof of Claim
Proof of claim must be *received* by the bankruptcy clerk's office by the following deadline:
For all creditors (except a governmental unit): **February 13, 2012**      For a governmental unit: **180 days from the date of filing**

### Creditor with a Foreign Address
A creditor to whom this notice is sent at a foreign address should read the information under "Claims" on the reverse side.

### Deadline to File a Complaint to Determine Dischargeability of Certain Debts:
### No later than the first date set for the Hearing on Confirmation

### Creditors May Not Take Certain Actions:
In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

| Address of the Bankruptcy Clerk's Office: | For the Court: |
|---|---|
| 135 West Central Boulevard Suite 950<br>Orlando, FL 32801<br>Telephone number: 407-648-6365 | Clerk of the Bankruptcy Court:<br>Lee Ann Bennett |
| Hours Open: Monday – Friday 8:30 AM – 4:00 PM | Date: October 17, 2011 |

www.flmb.uscourts.gov

023667                                    39107023690037

Ex. "A"

## EXPLANATIONS    FORM B9F Alt (12/07)

| | |
|---|---|
| Filing of Chapter 11 Bankruptcy Case | A bankruptcy case under Chapter 11 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by or against the debtor(s) listed on the front side, and an order for relief has been entered. Chapter 11 allows a debtor to reorganize or liquidate pursuant to a plan. A plan is not effective unless confirmed by the court. You may be sent a copy of the plan and a disclosure statement telling you about the plan, and you might have the opportunity to vote on the plan. You will be sent notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the debtor's property and may continue to operate any business. |
| Legal Advice | The staff of the bankruptcy clerk's office cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions are listed in Bankruptcy Code § 362. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; and starting or continuing lawsuits or foreclosures. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor's representative must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. The court, after notice and a hearing, may order that the United States trustee not convene the meeting if the debtor has filed a plan for which the debtor solicited acceptances before filing the case. |
| Claims | A Proof of Claim is a signed statement describing a creditor's claim. A Proof of Claim form ("Official Form B 10") can be obtained at the United States Courts Web site: (http://www.uscourts.gov/FormsAndFees/Forms/BankruptcyForms.aspx) or at any bankruptcy clerk's office. You may look at the schedules that have been or will be filed at the bankruptcy clerk's office. If your claim is scheduled and is not listed as disputed, contingent, or unliquidated, it will be allowed in the amount scheduled unless you filed a Proof of Claim or you are sent further notice about the claim. Whether or not your claim is scheduled, you are permitted to file a Proof of Claim. If your claim is not listed at all *or* if your claim is listed as disputed, contingent, or unliquidated, then you must file a Proof of Claim by the "Deadline to File Proof of Claim" listed on the front side, or you might not be paid any money on your claim and may be unable to vote on the plan. A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim. Filing a Proof of Claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial. **Filing Deadline for a Foreign Creditor:** The deadlines for filing claims set forth on the front of this notice apply to all creditors. If this notice has been mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. |
| Discharge of Debts | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See Bankruptcy Code § 1141(d). A discharge means that you may never try to collect the debt from the debtor, except as provided in the plan. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 1141(d)(6)(A), you must start a lawsuit by filing a complaint in the bankruptcy clerk's office by the "Deadline to File a Complaint to Determine Dischargeability of Certain Debts" listed on the front side. The bankruptcy clerk's office must receive the complaint and any required filing fee by that Deadline. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side. You may inspect all papers filed, including the list of the debtor's property and debts and the list of the property claimed as exempt, at the bankruptcy clerk's office. |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

--- Refer to Other Side for Important Deadlines and Notices ---

| | |
|---|---|
| Voice Case Info. System (VCIS) | For use with a touch-tone phone only; using the dial pad VCIS will provide the caller with basic case information concerning deadlines such as case opening and closing date, discharge date and whether a case has assets or not. VCIS is accessible 24 hours a day except when routine maintenance is performed. To access VCIS toll free call 1-866-879-1286. |

023667    39107023690037

### *** NOTICE REGARDING EXHIBITS FOR EVIDENTIARY HEARINGS ***

In accordance with Local Rule 9070-1, all exhibits must be pre-marked. A list of exhibits must also be filed, listing pertinent information in the manner described in subsection (d) of this rule.

All parties intending to file exhibits are hereby notified that if such exhibits and discovery materials are not removed within **thirty (30) days** after an order or judgment concluding this matter has been entered, including the entry of an order determining any post-judgment motions, provided that no appeal is pending or has been taken, the Clerk will destroy exhibits without further notice. Parties should contact the Clerk to make arrangements to reclaim exhibits during the 30-day limit set herein.

DATED on October 24, 2011.

        FOR THE COURT
        Lee Ann Bennett, Clerk of Court
        135 West Central Boulevard Suite 950
        Orlando, FL 32801

B 10 (Official Form 10) (04/10)

| UNITED STATES BANKRUPTCY COURT    Middle District of Florida | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Way of Grace Ministries, Inc. | Case Number: 6:11-bk-15664-KSJ |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**Peggy Mattox**

Name and address where notices should be sent:
Greg Varner, Esq.
P.O. Box 338
Ashland, AL 36251

Telephone number:
(256) 354-5464

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
*(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above):
Peggy Mattox
P.O. Box 665
Ashland, AL 36251

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $ 48,200.00

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Money Loaned
*(See instruction #2 on reverse side.)*

**3. Last four digits of any number by which creditor identifies debtor:** N/A

 3a. Debtor may have scheduled account as: N/A
 *(See instruction #3a on reverse side.)*

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Value of Property: $ _____  Annual Interest Rate _____ %

Amount of arrearage and other charges as of time case filed included in secured claim,
if any: $ _____    Basis for perfection: _____

Amount of Secured Claim: $ _____    Amount Unsecured: $ _____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:
$ _____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

| Date: 11-14-11 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.   *Peggy A. Mattox* | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Ex. "B"

J1/2011  12:14   2568318598                                                         PAGE  02/02

# Way of Grace Ministries

1045 W. Orange Blossom Trail　　　　　　　　　　　　　　　　　Daniel W. Mattox, Pastor
Apopka, Fl 32712　　　　　　　　　　　　　　　　　　　　　　　407 889-4000

May 1, 2002

## Promissory Note - $50,000.00

Received by Way of Grace Ministries, Apopka, FL
Daniel W. Mattox, Pastor
From
Peggy A. Mattox
On
May 1, 2002

Way of Grace Ministries promises to repay the amount of $50,000.00 + 7% interest within 1 year from date of note, May 1, 2002.
Due date - May 1, 2003
Interest will be paid each 6 months, beginning October 2002

Final interest and note payments are due May 1, 2003.
No prepayment penalty will be assessed.

_____　　　　　　　_____
Signature   Peggy A. Mattox　　　　　　　　　　Signature   Daniel W. Mattox, Pastor

B 10 (Official Form 10) (04/10)

| UNITED STATES BANKRUPTCY COURT Middle District of Florida | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Way of Grace Ministries, Inc. | Case Number: 6:11-bk-15664-KSJ |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Peggy Mattox

Name and address where notices should be sent:
Greg Varner, Esq.
P.O. Box 338
Ashland, AL 36251

Telephone number:
(256) 354-5464

RECEIVED
NOV 17 2011
CLERK, U.S. BANKRUPTCY
ORLANDO, FL

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on _____

Name and address where payment should be sent (if different from above):
Peggy Mattox
P.O. Box 665
Ashland, AL 36251

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed:   $ 48,200.00

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. Basis for Claim: Money Loaned
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: N/A

 3a. Debtor may have scheduled account as: N/A
 (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Value of Property:$_____  Annual Interest Rate _____%

Amount of arrearage and other charges as of time case filed included in secured claim,
if any: $_____  Basis for perfection: _____

Amount of Secured Claim: $_____  Amount Unsecured: $_____

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:

$ _____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

Date: 11-14-11

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Peggy A. Mattox

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

J1/2011  12:14    2568318599                                                            PAGE  02/02

# Way of Grace Ministries

1045 W. Orange Blossom Trail  
Apopka, Fl 32712

Daniel W. Mattox, Pastor  
407 889-4000

May 1, 2002

## Promissory Note - $50,000.00

Received by Way of Grace Ministries, Apopka, FL  
Daniel W. Mattox, Pastor  
From  
Peggy A. Mattox  
On  
May 1, 2002

Way of Grace Ministries promises to repay the amount of $50,000.00 + 7% interest within 1 year from date of note. May 1, 2002.

Due date - May 1, 2003

Interest will be paid each 6 months, beginning October 2002

Final interest and note payments are due May 1, 2003.  
No prepayment penalty will be assessed.

_____  
Signature    Peggy A. Mattox

_____  
Signature    Daniel W. Mattox, Pastor

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

WAY OF GRACE MINISTRIES, INC.    Case No.: 6:11-bk-15664-KSJ
                                  Chapter 11
         Debtor(s).
_____/

DEBTOR'S OBJECTION TO CLAIM OF PEGGY MATTOX
(Claim No. 4)

**NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**

Pursuant to Local Rule 2002-4, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files an objection within 30 days from the date this paper is entered on the docket. If you object to the relief requested in this paper, you must file your objection with the Clerk of the Court at 135 W. Central Blvd., Suite 950, Orlando, FL 32801, and serve copies on Kenneth D. Herron, Jr., Esquire, 1851 West Colonial Dr., Orlando, FL 32804.

If you file and serve an objection within the time permitted, the Court will schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

The Debtor, Way of Grace Ministries, Inc., objects to claim number 4 filed by Peggy Mattox ("Mattox") in its entirety, and states as follows:

1. On October 15, 2011, the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

2. On November 17, 2011 Mattox filed Claim No. 4 (the "Claim") in the amount of $48,200.00.

Ex. "C"

3.  The claim is based on a "promissory note" attached to the proof of claim form (the "Note").

4.  Mattox is the mother of Daniel Mattox, who is a former pastor of the Debtor.

5.  The Debtor objects to the claim because:

    a.  the Debtor has reviewed its records and has not been able to determine that Mattox actually loaned any money to the Debtor;

    b.  Daniel Mattox did not have authority to borrow money or execute promissory notes on behalf of the Debtor;

    c.  to the extent that Mattox loaned money to the Debtor, the Note is unenforceable pursuant to Florida Statute §201.08, because Mattox did not pay documentary stamp taxes on the Note;

    d.  to the extent that the Note is valid, it matured, by its own terms on August 1, 2003. Pursuant to Florida Statute §95.11(2) the statute of limitations to bring an action to collect on a promissory note is 5 years from the date of default or maturity. The statute of limitations expired with respect to an action on the Note on July 31, 2008. No action was brought on the Note and no agreement to pay the barred debt was signed by the Debtor.

2

<u>Relief Requested</u>

For the reasons stated above, Claim Number 4 of Peggy Mattox should be disallowed in its entirety.

/s/Kenneth D. (Chip) Herron, Jr.
Kenneth D. (Chip) Herron, Jr.
Florida Bar No. 699403
Wolff, Hill, McFarlin & Herron, P.A.
1851 W. Colonial Dr.
Orlando, FL 32804
Telephone: (407) 648-0058
Fax: (407) 648-0681
Email: kherron@whmh.com
Attorneys for the Debtor

## CERTIFICATE OF SERVICE

I certify that on July 19, 2012 a copy of the foregoing was sent regular, first class United States mail, postage fully pre-paid or by electronic mail to:

Peggy Mattox, P.O. Box 665, Ashland, AL 36251

Greg Verner, Esq., P.O. Box 338, Ashland, AL 36251

U.S. Trustee, 135 W. Central Blvd., Ste 620, Orlando, FL 32801

/s/ Kenneth D. Herron, Jr.
Kenneth D. Herron, Jr.

Greg Verner, Esquire, Post Office Box 338, Ashland, AL 36251

United States Trustee, 135 West Central Blvd., Suite 620, Orlando, FL 32801

054875    33709054929018

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

WAY OF GRACE MINISTRIES, INC.,

Case No. 6:11-bk-15664-KSJ
Chapter 11

Debtor.
_____/

### ORDER SUSTAINING DEBTOR'S OBJECTION TO CLAIM OF PEGGY MATTOX (CLAIM NO. 4)

This case came on for consideration of the debtor's objection to claim number 4 of Peggy Mattox (the "Objection") (Doc. No. 79). The Objection having been duly served and no responses having been filed, it is:

ORDERED:

1. The Objection is sustained.

2. Claim number 4 is disallowed in its entirety.

DONE and ORDERED in Orlando, Florida, this 23rd day of August, 2012

KAREN S. JENNEMANN
Chief United States Bankruptcy Judge

Copies to:

Kenneth D. Herron, Jr., Esquire, Wolff, Hill, McFarlin & Herron, P.A., 1851 W. Colonial Dr., Orlando, FL 32804

Peggy Mattox, Post Office Box 665, Ashland, AL 36251

054875                         33709054929018

Ex. "D"

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:                              )
                                    )
WAY OF GRACE MINISTRIES, INC.       )   CASE NO.: 6:11-BK-15664-ksj
      Debtor.                       )   Chapter 11
_____)

### AFFIDAVIT OF DANIEL MATTOX

STATE OF ALABAMA
COUNTY OF Calhoun

Before me, the undersigned authority, personally appeared, DANIEL MATTOX, who after being duly sworn according to the law, deposes and states as follows:

1. My name is Daniel Mattox, and I was the former Senior Pastor / Chairman of the Board of Directors for Way of Grace Ministries, Inc.

2. I am over the age of eighteen (18) years, *sui juris*, and am authorized to execute this affidavit.

3. I am familiar with the transactions between the parties hereto and have personal knowledge of the books and records insofar as the matters herein are concerned and as such all statements set forth in this Affidavit are based upon my personal knowledge.

4. In June, 2002, Way of Grace Ministries, Inc. held a Board of Directors / Pastor's Counsel Meeting ("Board Meeting").

5. The purpose of the Board Meeting was to conduct business matters of the church.

6. The attendees of the Board Meeting, to the best of my recollection, were as follows:

Daniel Mattox, Senior Pastor / Chairman of the Board of Directors
Sydney Reid, Member of Board of Directors
Hector Lopez Sr., Member of Board of Directors



Exhibit "E"

Sam Adams, Member of Pastor's Counsel
Ivan Pato, Member of Pastor's Counsel
Glen Cisney, Member of Pastor's Counsel
Bill Petitt, Member of Pastor's Counsel
Clyde Miller, Member of Pastor's Counsel

7. The attendees referenced in Paragraph No. 6 voted unanimously to borrow $50,000.00 from Peggy Mattox to be utilized for building construction purposes.

8. A Promissory Note was executed and delivered to Peggy Mattox. A copy of the Promissory Note is attached hereto as Exhibit "A".

9. Peggy Mattox loaned Way of Grace Ministries, Inc. $50,000.00, which was deposited into the Church's Building Fund at Fifth Third Bank in Apopka, Florida.

10. Way of Grace Ministries, Inc. made certain payments as it could under the loan to Peggy Mattox.

11. There were corporate minutes taken of the meeting and the authorization for the loan of which I am not in possession; however, I believe the Way of Grace Ministries, Inc. remains in possession .

**FURTHER AFFIANT SAYETH NAUGHT.**

_Daniel Mattox_
DANIEL MATTOX

STATE OF ALABAMA
COUNTY OF Calhoun

D. License, Before me personally appeared Daniel Mattox, who is personally known to me or who produced _____, as identification, and who swore, affirmed, attested and acknowledged that the statements contained herein are true and correct based on his personal knowledge. Dated this 19th day of September, 2012.

Notary Public
My commission expires: 5/29/16

S:\Litigation\Mattox, Peggy\Aff of Daniel Mattox.doc

2

# Way of Grace Ministries

1045 W. Orange Blossom Trail  
Apopka, Fl 32712

Daniel W. Mattox, Pastor  
407 889-4000

May 1, 2002

### Promissory Note - $50,000.00

Received by Way of Grace Ministries, Apopka, FL  
Daniel W. Mattox, Pastor  
From  
Peggy A. Mattox  
On  
May 1, 2002

Way of Grace Ministries promises to repay the amount of $50,000.00 + 7% interest within 1 year from date of note, May 1, 2002.  
Due date - May 1, 2003  
Interest will be paid each 6 months, beginning October 2002

Final interest and note payments are due May 1, 2003.  
No prepayment penalty will be assessed.

_____  
Signature   Peggy A. Mattox

_____  
Signature   Daniel W. Mattox, Pastor